SCHOTT, Chief Judge.
Plaintiff was injured while driving a horse-drawn carriage or buggy owned by defendant, Old Quarter Tours, Inc. He filed suit making alternative claims in worker’s compensation against Old Quarter and in tort against Old Quarter’s liability insurer, Jefferson Insurance Company of New York. Plaintiff based these alternative demands upon allegations that he was either an employee or an independent contractor of Old Quarter.
Several months after he filed suit and after the defendants answered plaintiff filed a claim for worker’s compensation benefits with the Department of Labor pursuant to LSA-R.S. 23:1310. On January 22, 1987 the Department issued its recommendation that plaintiff was an independent contractor and not an employee of Old Quarter and, therefore, not entitled to compensation benefits. Plaintiff did not notify the Department of his rejection of the recommendation as prescribed by R.S. 23:1310.1. Instead he filed the recommendation in these proceedings in the trial court and asked for a trial date.
In February, 1988 Old Quarter moved for summary judgment dismissing plaintiff’s worker’s compensation suit against it on the ground that he had failed to file a timely rejection of the Department’s recommendation. Furthermore, Old Quarter alleged that plaintiff had settled his tort suit against Jefferson for $25,000.
R.S. 23:1310.1 provides that a party who fails to notify the Department of Labor of his rejection of the recommendation is conclusively presumed to have accepted the recommendation. R.S. 23:1311 conditions the filing of a suit on a timely rejection of the Department’s recommendation. Therefore, it would seem that plaintiff was precluded from proceeding with his compensation claim since he failed to comply with R.S. 23:1310.1. However, plaintiff argues that he was not obliged to reject the recommendation since he already had a suit pending.
We have concluded that under the very unusual, indeed peculiar, procedural circumstances of this case the motion for summary judgment was properly granted. Although Old Quarter did not initially move to dismiss plaintiff’s compensation case as premature because of his failure to file his claim with the Department, plaintiff proceeded to file his claim after filing suit. His failure to comply with R.S. 23:1310.1 by rejecting the Department's recommendation precluded him from proceeding with the claim just as it would have precluded him from filing suit in the first instance. Furthermore, by submitting his settlement of the tort claim for approval by the court at the same time the court would decide *4 Old Quarter’s motion for summary judgment he acquiesced in the dismissal of this compensation case.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.